OPINION
Defendant-appellant, Patrick L. Legg, appeals from a judgment of the Franklin County Court of Common Pleas imposing the maximum sentence on his guilty plea to attempted felonious assault, a third degree felony. Defendant assigns a single error:
 THE TRIAL COURT'S FINDINGS AT THE SENTENCING HEARING ARE NOT SUFFICIENT TO COMPLY WITH THE REQUIREMENTS OF SECTION 2929.19(B)(2)(d) OF THE REVISED CODE, IN THAT THE TRIAL COURT FAILED TO SUPPORT ON THE RECORD ITS REASONS FOR THE IMPOSITION OF THE MAXIMUM SENTENCE.
Because the trial court failed to make the requisite findings under State v. Edmonson (1999), 86 Ohio St.3d 324, we reverse.
Defendant, a juvenile at the time of the May 14, 1998 offense giving rise to the charge at issue, was bound over to the common pleas court and indicted on one count of felonious assault in violation of R.C. 2903.11, a felony of the second degree. In March 1999, defendant entered a guilty plea to the charge of attempted felonious assault, a felony of the third degree. Pursuant to a sentencing hearing held on April 20, 1999, the trial court imposed a maximum sentence of five years, even though defendant had not served a prior term of imprisonment. Defendant appeals, contending the trial court failed to make the requisite findings under the relevant sentencing statutes.
Subsequent to the trial court's sentencing defendant, the Supreme Court addressed in Edmonson the very issue defendant raises in his assignment of error. In that case, Edmonson had been convicted in 1997 of one count of aggravated robbery. Although it was Edmonson's first prison sentence, the court sentenced him to the maximum term of imprisonment. In addressing what the trial court is obliged to do to comply with the relevant statutes, the court first looked to R.C. 2929.14(B) which requires the trial court to impose the minimum sentence for first-time imprisonment unless it specifies on the record that the shortest prison term will demean the seriousness of the conduct or will not adequately protect the public from future crime by the offender. In interpreting that section, the court determined that the record of the sentencing hearing must reflect that the court "found that either or both of the two statutorily sanctioned reasons for exceeding the minimum term warranted the longer served sentence."Id. at 326. It further noted, however, that R.C. 2929.14(B) "does not require that the trial court give its reasons for its finding that the seriousness of the offender's conduct will be demeaned or that the public will not be adequately protected from future crimes before it can lawfully impose more than the minimum authorized sentence." Id. (Emphasis sic.) Rather, the trial court need only find either of the two factors exist. Here, at neither the sentencing hearing nor in the judgment entry did the trial court find that a lesser sentence would demean the seriousness of the offense or that the public would not be adequately protected from future crimes in the absence of a sentence exceeding the minimum term. Accordingly, the trial court failed to meet the statutory requirements of R.C. 2929.14(B).
In addition, "R.C. 2929.14(C) and 2929.19(B)(2)(d) prevent a court from imposing a maximum sentence for a single offense unless the court records findings that give its reasons for selecting the maximum." Id. at 325. R.C. 2929.14(C) "establishes the public policy disfavoring maximum sentences except for the most deserving offenders." Id. at 328. It imposes the longest term only on offenders who "committed the worst forms of the offense, upon offenders who pose the greatest likelihood of committing future crimes, upon certain major drug offenders * * * and upon certain repeat violent offenders." R.C. 2929.14(C). R.C.2929.19(B)(2)(d) establishes the procedures the trial court is to follow in imposing a maximum sentence on an offender for a single offense. Edmonson, supra, at 328. It requires the trial court to set forth its "reasons for imposing the maximum prison term." R.C.2929.19(B)(2)(d). Thus, the trial court is not only required to make the requisite findings under R.C. 2929.14(C), but also to state its reasons, as required under R.C. 2929.19(B)(2)(d). Here, the trial court made none of the findings under R.C. 2929.14(C), although it arguably set forth reasons for imposing a maximum term, as required under R.C. 2929.19(B)(2)(d). Nonetheless, because the record lacks the requisite findings under R.C.2929.14(B) and 2929.14(C), the matter must be returned to the trial court to comply with the sentencing statutes and Edmonson.
While we recognize that the trial court did not have the benefit of Edmonson at the time of sentencing, Edmonson
nonetheless requires the trial court make certain findings and set forth reasons in order to comply with the pertinent statutes. Because this record fails to do so, we sustain defendant's single assignment of error, reverse the judgment of the trial court, and remand this matter for further proceedings consistent with this opinion.
Judgment reversed and case remanded.
BOWMAN, P.J., and LAZARUS, J., concur.